## ROBERT McGEE v. GEORGE KROH.

SPECIFIC PERFORMANCE — *Authority of Agent — Error.*  When an action for specific performance is sought to be sustained upon the writing of an alleged agent, it is error to introduce the writing in testimony before the authority of the agent is satisfactorily shown.

*Error from Wyandotte District Court.*

THE opinion states the case.

*Sherry & Hughes,* for plaintiff in error.

Opinion by STRANG, C.: Robert McGee was the owner of three lots situate in Armourdale, Kansas.  He authorized

Major Anderson, of Armourdale, to sell the lots for $2,200. Anderson got Williams and Chadwick to assist him in selling the lots to a customer of theirs, and they succeeded in making the sale for $2,200, half cash and half on a year's time.   Anderson then went over to Kansas City, Missouri, to see McGee and report the sale, but found McGee away from home.   He notified McGee's son, whom he found in McGee's place of business, of the sale.   The son said he would notify his father. A few days afterward, on returning to his office, Anderson found a note which read: "MAJOR—Will take $2,200; $1,100 cash.—McGEE."   He took the note and called on McGee, who denied any knowledge of the note, but upon calling his son, he (the son) said he had written it after hearing from him. Anderson informed McGee that he had sold the lots for $2,200, $1,100 cash and $1,100 in a year.   McGee replied that he would not sell that way; that if he sold he must have all cash.   He claimed he had not authorized a sale, part cash and part on time; that he had not authorized his son to do or say anything in connection with the lots.   The lots were sold to the defendant Kroh.   Kroh went to see McGee, and demanded a deed, which was refused, and on the 23d day of September, 1887, he commenced this action for specific performance. April 16, 1888, it was tried by the court without a jury, resulting in a judgment for the plaintiff, for specific performance and for costs.   Defendant below filed a motion for a new trial, which was overruled.   The plaintiff assigned numerous errors, and has discussed them at considerable length in his brief, while the defendant has filed no brief in this court.

There are one or two rulings upon the admission of evidence that seem so plainly erroneous, that it will probably not be necessary for us to notice many of the errors assigned. The plaintiff complains of the admission in evidence of the note mentioned above, which was written by McGee's son. This note was identified as having been written by the boy, but there is no evidence that the boy had any authority to write it, or to do or say anything else in connection with the

lots. This was clearly error. After the plaintiff rested, McGee was put upon the stand and asked if he had ever authorized his son to write the note received in evidence, which question was objected to, and the objection was by the court sustained upon the ground that the witness had said he wrote his son about these lots and other matters, and therefore to answer would be giving the contents of letters. An examination of McGee's evidence shows that the conclusion of the court was unwarranted. Any fair construction of McGee's evidence shows that he did not intend to say that he wrote his son giving him any authority in connection with the lots, and that he did not so say. His answer was broken by an interruption, and was never completed, and does not justify the conclusion that the court reached, and therefore the ruling of the court sustaining the objection to the question was erroneous. The court made the following as a finding of fact:

"About the 28th of June, the day upon which the sale was made to the plaintiff as before found, the son of the defendant, by and with the authority of the defendant, left with the defendant's agent, Anderson, the little scrap of paper introduced in evidence, which contained the following words relating to said lots: 'MAJOR—Will take $2,200; $1,100 cash.—McGEE.'"

This finding is erroneous. It is not supported by any evidence—there being no evidence that McGee's son, who wrote the note, had any authority to write it. For these several errors we recommend that the judgment of the district court be reversed.

By the Court: It is so ordered.

All the Justices concurring.